UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

Plaintiff,

CASE NO.

vs.

GADI COHEN

Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, Pursuant to 28 U.S.C. §2201 et seq and Federal Rule of Civil Procedure 7, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, §2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant, GADI COHEN, residing at 1301 E. Atlantic Blvd., Pompano Beach, FL 33060.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

1

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant GADI COHEN (hereinafter "COHEN") is a private citizen and resident of the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about May 24, 2017, Defendant COHEN submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance to cover the Defendant's vessel, the MY GIRL. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage. A true and correct copy of the said application form completed and signed by Defendant and submitted to Plaintiff on or about May 24, 2017 by the Defendant's agent is attached hereto as Exhibit 1.

7. On or about May 3, 2017, Plaintiff issued a quotation offering terms for a policy of marine insurance. The quotation stated that, as a condition of the proposed policy of marine insurance, the applicant must have the MY GIRL surveyed and must submit a Letter of Compliance affirming that all recommended service and repairs from that survey have been carried out. A true and correct copy of the quotation of May 3, 2017 is attached hereto as Exhibit 2.

8. On or about May 19, 2017, Defendant's agents submitted a marine survey of the MY GIRL. A true and correct copy of the marine survey of the MY GIRL is attached hereto as Exhibit 3.

9. On or about May 24, 2017, Defendant submitted to Plaintiff a Letter of Compliance certifying that all the recommendations contained in the marine survey of the MY GIRL

had been complied with. A true and correct copy of the Letter of Compliance is attached hereto as Exhibit 4.

10. On or about May 24, 2017, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant "COHEN" its Marine Insurance Policy No. CSRYP/161728 affording Hull & Machinery coverage in the amount of $125,000.00 on the 2002 48 ft Fountain yacht (hull ID# FGQ48C05G203) named "MY GIRL" which was owned by the said Defendant.

11. A true and correct copy of the Declarations Page and the policy language for Plaintiff's Policy No. CSPYP/161728 are attached hereto as Exhibit 5 and Exhibit 6.

12. Plaintiff agreed to issue a policy of marine insurance, Policy No. CSRYP/161728 (hereinafter "the Policy") based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit 1.

13. Plaintiff agreed to issue the Policy based upon the Defendant's warranty that the recommendations contained in the marine survey of the MY GIRL had been complied with, as certified in the Letter of Compliance attached hereto as Exhibit 4.

14. On or about September 10, 2017, the 2002 48 ft Fountain yacht named MY GIRL, which was owned by the Defendant, sustained extensive damage due to Hurricane IRMA.

15. Upon receipt of the first notice of the September 10, 2017 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

16. The said investigation established that the damage sustained by the MY GIRL was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

17. The said investigation established that the damage sustained by the MY GIRL occurred prior to the inception of Policy No. CSRYP/161728 on May 24, 2017.

18. The said investigation established that coverage for the damage sustained by the MY GIRL falls within the Policy's express exclusions for losses caused by "wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould [sic], [and] animal and marine life."

19. The said investigation established that coverage for the damage sustained by the MY GIRL falls within the Policy's express exclusions for loss or damage to sails, sail covers, and external canvases arising from a named windstorm unless properly removed and stowed.

20. The said investigation established that the MY GIRL was not seaworthy at the inception of the Policy.

21. The said investigation established that the MY GIRL was not seaworthy at the time of the loss.

22. The said investigation established that the loss of the MY GIRL was due to the vessel's unseaworthiness.

23. The said investigation established that the fire extinguishing equipment aboard the MY GIRL was not properly installed and was not maintained in good working order.

24. The said investigation established that the Defendant misrepresented material facts on his application for the policy of marine insurance.

25. The said investigation established that the Defendant did not comply with the recommendations of the survey submitted or about May 19, 2017.

26. The said investigation established that the damage sustained by the MY GIRL was not caused by an accidental external event.

## FIRST CAUSE OF ACTION
**(Lack of Fortuity)**

27. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

28. Plaintiff's policy states in pertinent part:

### 2. INSURING AGREEMENT

> This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

### 3. Coverage A, Hull, Machinery, Equipment and Dinghy

> If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties. deductibles and exclusions.

29. The incident in which the Defendant's vessel sustained damage on September 10, 2017 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

30. The damage to the Defendant's vessels for which coverage is being sought existed prior to the inception of Policy No. CSRYP/161728.

31. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

32. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

33. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (Exclusion b))

34. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

35. Plaintiff's policy states in pertinent part:

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

…

b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould [sic], animal and marine life.

36. The incident in which the Defendant's vessel sustained damage on September 10, 2017 was due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould [sic], and/or animal and marine life.

37. Coverage for the incident in which the Defendant's vessel sustained damage on September 10, 2017 is expressly excluded by the terms of Policy No. CSRYP/161728.

38. Notwithstanding the exclusion from coverage under the express terms of Plaintiff's policy of marine insurance, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

39. As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

40. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**THIRD CAUSE OF ACTION**
**(Exclusion l))**

41. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

42. Plaintiff's policy states in pertinent part:

### Exclusions to Coverage A

> Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
>
> …
>
> l) Loss and/or damage to sails, sail covers, external canvases, including but not limited to Bimini Tops, arising from a named windstorm unless properly removed and stowed

43. As part of the incident in which the Defendant's vessel sustained damage on September 10, 2017, a named windstorm damaged sails, sail covers, and external canvases, including but not limited to Bimini Tops, which were not properly removed and stowed.

44. Coverage for such sails, sail covers, and external canvases, including but not limited to Bimini Tops is expressly excluded by the terms of Policy No. CSRYP/161728.

45. Notwithstanding the exclusion from coverage under the express terms of Plaintiff's policy of marine insurance, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the sails, sail covers, and external canvases, including but not limited to Bimini Tops under terms of the said policy of marine insurance.

46. As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

47. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FOURTH CAUSE OF ACTION**
**(Express and Implied Seaworthiness Warranties)**

48. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

49. Plaintiff's policy states in pertinent part:

**9. General Conditions and Warranties**

> b) It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

50. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the MY GIRL was not seaworthy at the inception of Policy No. CSRYP/161728, at any time during the period of Policy No. CSRYP/161728, nor at the time of the loss.

51. The Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the MY GIRL was unseaworthy at the time of the loss and that the loss was proximately caused by the MY GIRL's unseaworthy condition.

52. The MY GIRL's unseaworthiness at the inception of the policy of marine insurance voids Policy No. CSRYP/161728 from its inception under federal admiralty law.

53. Due to the MY GIRL's unseaworthiness at the time of the loss, and the fact that such unseaworthiness was the proximate cause of the loss, there is no coverage for the Defendant's loss under Policy No. CSRYP/161728 under federal admiralty law.

54. The MY GIRL's unseaworthiness at the time of the loss was a breach of the policy's express warranty of seaworthiness, the breach of which voids Policy No. CSRYP/161728 from its inception.

55. Notwithstanding the Defendant's breach of the express and implied warranties of seaworthiness, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

56. As a result of the aforesaid breach of the express and implied warranties of seaworthiness, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

57. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION
**(Fire Extinguishing Equipment Warranty)**

58. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

59. Plaintiff's policy states in pertinent part:

### 9. General Conditions and Warranties

> k) If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

60. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the fire extinguishing equipment aboard the MY GIRL was not properly installed and was not maintained in good working order.

61. Due to Defendant COHEN's breach of the fire extinguisher warranty, Policy No. CSRYP/161728 is void from its inception.

62. Notwithstanding the Defendant's breach of fire extinguisher warranty, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

63. As a result of the aforesaid breach of the fire extinguisher warranty, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

64. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SIXTH CAUSE OF ACTION
**(Survey Compliance)**

65. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

66. Plaintiff's policy states in pertinent part:

### 9. General Conditions and Warranties

> r) Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either.
>
> 1) The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyors) satisfaction prior to any loss and/or claim
>
> Or,
>
> 2) The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

67. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the none of the recommended work and repairs

detailed in the survey of May 12, 2017 had been carried out by Defendant COHEN prior to the loss.

68. Notwithstanding the failure of Defendant COHEN to carry out any of the recommended work and repairs detailed in the survey of May 12, 2017, Defendant COHEN warranted all the recommended work and repairs detailed in the survey of May 12, 2017 were completed prior to the loss of September 10, 2017.

69. Notwithstanding the failure of Defendant COHEN to carry out any of the recommended work and repairs detailed in the survey of May 12, 2017, Defendant COHEN certified in the Letter of Compliance that all the recommended work and repairs detailed in the survey of May 12, 2017 were complied with by May 24, 2017.

70. The failure of Defendant COHEN to carry out the work and repairs recommended in the survey of May 12, 2017 was a breach of the policy's survey warranty.

71. The failure of Defendant COHEN to carry out the work and repairs recommended in the survey of May 12, 2017 was a breach of the terms stated in the quotation of May 3, 2017,

72. Due to Defendant COHEN's breach of the survey warranty and the terms of the quotation, Policy No. CSRYP/161728 is void from its inception.

73. Notwithstanding the Defendant's breach of survey warranty and the terms of the quotation, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

74. As a result of the aforesaid breach of the survey warranty and the terms of the quotation, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728. Until such

time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

75. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SEVENTH CAUSE OF ACTION**
**(Misrepresentation of Material Facts)**

76. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

77. Plaintiff's policy states in pertinent part:

**9. General Conditions and Warranties**

> m) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

78. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the none of the recommended work and repairs detailed in the survey of May 12, 2017 had been carried out by Defendant COHEN prior to the loss.

79. Notwithstanding the failure of Defendant COHEN to carry out any of the recommended work and repairs detailed in the survey of May 12, 2017, Defendant COHEN represented

that all the recommended work and repairs detailed in the survey of May 12, 2017 were completed prior to the inception of Policy No. CSRYP/161728.

80. Defendant COHEN misrepresented material facts to the Plaintiff when he falsely represented that he had carried out the work and repairs recommended in the survey of May 12, 2017

81. Due to Defendant COHEN's misrepresentation of material facts at the time he applied for the policy of marine insurance, Policy No. CSRYP/161728 is void from its inception.

82. Notwithstanding the Defendant's misrepresentation of material facts at the time he applied for the policy of marine insurance, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

83. As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

84. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## EIGHTH CAUSE OF ACTION
(Exclusion r))

85. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 25 as if set forth fully herein.

86. Plaintiff's policy states in pertinent part:

### Exclusions to Coverage A

> Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
>
> …
>
> r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

87. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the loss was not caused by an accidental external event.

88. Notwithstanding the failure of Defendant COHEN to carry out any of the recommended work and repairs detailed in the survey of May 12, 2017, Defendant COHEN represented that all the recommended work and repairs detailed in the survey of May 12, 2017 were completed prior to the inception of Policy No. CSRYP/161728.

89. Defendant COHEN misrepresented material facts to the Plaintiff when he falsely represented that he had carried out the work and repairs recommended in the survey of May 12, 2017

90. Due to Defendant COHEN's misrepresentation of material facts at the time he applied for the policy of marine insurance, Policy No. CSRYP/161728 is void from its inception.

91. Notwithstanding the exclusion from coverage under the express terms of Plaintiff's policy of marine insurance, Defendant COHEN has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

92. As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/161728. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

93. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant "WALTERS" as regards the incident of September 10, 2017 in which the insured vessel is alleged to have sustained damage;

(B) Declaring that Plaintiff's Policy No. CSRYP/161728 does not afford coverage to Defendant COHEN for the incident of September 10, 2017 in which the insured vessel is alleged to have sustained damage;

(C) Declaring that neither the incident of nor the damage alleged to have resulted from the incident of September 10, 2017 constitute an accidental physical loss;

(D) Declaring that the damage for which coverage is sought existed prior to the inception of Policy No. CSRYP/161728;

(E) Declaring that coverage for the incident of October 21, 2015 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's policy;

(F) Declaring that the breach of the policy's express and implied warranties of seaworthiness by the Defendant as described herein voids Policy No. CSRYP/161728 ab initio and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(G) Declaring that the breach of the policy's fire extinguishing equipment warranty by the Defendant as described herein voids Policy No. CSRYP/161728 ab initio and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(H) Declaring that the breach of the policy's survey compliance warranty by the Defendant as described herein voids Policy No. CSRYP/161728 ab initio and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(I) Declaring that the Defendant's misrepresentation of material facts on the application for marine insurance voids Policy No. CSRYP/161728 from its inception.

(J) Declaring that any and all damage sustained by the vessel's engines, mechanical and electrical parts as a result of the incident of September 10, 2017 is excluded per the clear and unambiguous terms of the policy;

(K) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:   November 24, 2015
         Fort Lauderdale, Florida

                                        GOLDMAN & HELLMAN
                                        Attorneys for Plaintiff
                                        8751 W. Broward Blvd.
                                        Suite 404
                                        Fort Lauderdale, Florida 33324
                                        Tel (954) 356-0460
                                        Fax (954) 832-0878

                                        By: /s/ Steven E. Goldman
                                        STEVEN E. GOLDMAN, ESQ.
                                        FLA. BAR NO. 345210